**In re Robert Michael POLAND, Debtor.**

**Bankruptcy No. 97–5356–BKC–3F7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

June 22, 1998.

P. Campbell Ford, Jacksonville, FL, for Creditor.

James A. Fischette, Jacksonville, FL, for Debtor.

Charles W. Grant, Jacksonville, FL, Chapter 7 Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This Case came before the Court on May 13, 1998 upon Debtor's Ex Parte Motion to Stay Liquidation of the Estate. (Doc. 45). Based upon the evidence presented and the argument of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

On July 17, 1997, Robert Michael Poland ("Debtor") filed a voluntary Chapter 7 Petition with the Court. Debtor's most significant asset as listed on Schedule A is his interest in commercial real estate located at 1510 and 1522 Penman Road, Jacksonville, Florida, 32250. The largest unsecured debt on Debtor's Schedule E is a debt listed to Theresa Kramer for $133,000.00 as a result of a Judgment. The Amended Judgment is currently on appeal.

On April 16, 1998, Debtor filed an Ex Parte Motion to Stay Liquidation of the Estate. (Doc. 45). In his Motion, Debtor represented to the Court that the primary reason for the filing of the bankruptcy is the disputed debt owed to Theresa Kramer. The Debtor alleges that if the Amended Final Judgment is overturned on appeal, the Debtor intends to move for dismissal of this Bankruptcy Case, subject to the payment of fees, costs and expenses incurred by the Chapter 7 Trustee. The Debtor estimates that the appeal will be decided within the next six (6) months. Stating that if the Trustee proceeds to liquidate the commercial property, the Estate will become liable for broker's fees which may be unnecessary if the Amended Final Judgment is reversed on appeal. The Debtor alleges that he will suffer irreparable harm if the commercial property is sold and that the Estate will neither be burdened or prejudiced by the delay in the liquidation, but will actually benefit the Estate as the commercial property is rental property that is under lease and generating revenue in excess of it expenses, which is being collected by the Trustee.

The Trustee filed an objection, stating that Code requires that the liquidation of nonexempt assets be a prompt as possible. (Doc. 47). Trustee further argued that the Code should not be used as a supersedeas bond for a judgment debtor in state court litigation. Theresa Kramer, the Creditor, also filed an Objection, concurring with the arguments put forth by the Trustee. (Doc. 48).

The Court held a hearing on the Motion on May 13, 1998 at which time all parties were present and presented evidence and argument. The Court took the Case under advisement and allowed that the parties submit case law to the Court within ten (10) days. Those ten days having expired the Case is ready for determination.

### CONCLUSIONS OF LAW

■ This Case presents the juxtaposing goals of bankruptcy. First, the goal of the efficient and expedient liquidation of the estate and payment of creditors as provided for in 11 U.S.C. § 704(1), which outlines the trustee's duty to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interest of parties in interest." 11 U.S.C. § 704(1)(1998). The second competing goal is the best interest of the parties, including a debtor's interest, in the resolution of claims.

In this Case, Debtor argues that it is not in the best interest of the parties in interest for the Trustee to perform his liquidation of the estate expeditiously. On the other hand, the Trustee and the Creditor, a party in interest, allege that the Debtor has misconstrued the nature of a Chapter 7 bankruptcy case, in which the Chapter itself is entitled "liquidation."

The Debtor directed the Court to the Case of *Yadkin Valley Bank & Trust, Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 753 (4th Cir.1993), in which the Fourth Circuit Court of Appeals held that "the duty to close the estate expeditiously is the trustee's 'main duty.'" However, the court also held that this duty "incorporates the balancing of expeditious conduct against the interests of the parties." *Id.* at 754 n.3. The court included the debtors to be interested parties. *Id.*

However, the debtors in that case, relied on their homestead exemption to be an "interest in the property within the meaning of § 363(f)," which the court explicitly declined to decide. *Id.* at 756.

To further support his stand as a party in interest, the Debtor cites 11 U.S.C. § 1109(b), which states "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b) (1998).

■ The Court finds that the Debtor's reliance on Section 1109 is unfounded, as it specifically states that it provides the right to be heard in cases under chapter 11 specifically. Nonetheless, opposing counsel has conceded that the Debtor's interest makes him a "party in interest" for the purposes if § 704(1), and this Court agrees.

■ However, even considering the Debtor's interest, the Court finds that based upon the lack of case law specifically on point on the issue of delaying the liquidation of the Estate, the Court is not going to substitute its judgment for the discretion of the trustee who is charged with this duty under § 704. Often, a trustee will delay the liquidation of the estate in order to garner a higher price for an asset or other various reasons. All of this falls within his duty. For the Court to substitute its judgment would render the Trustee's duty meaningless, and this the Court refuses to do.